UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAJESH PATEL, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>VIATRIS, INC., PFIZER INC., MICHAEL GOETTLER, SANJEEV NARULA, BRYAN SUPRAN, MARGARET M. MADDEN, DOUGLAS E. GIORDANO, ROBERT J. COURY, IAN READ, and JAMES KILTS,<br><br>    Defendants. | CASE NO.:  2:21-cv-1769<br><br>**NOTICE OF REMOVAL** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA:** Please take notice that Defendant Viatris Inc. ("Viatris"), by and through its undersigned attorneys, hereby removes the above-captioned civil action, and all claims and causes of action therein, from the Court of Common Pleas of Allegheny County, Pennsylvania, where it is currently pending, to the United States District Court for the Western District of Pennsylvania, pursuant to 28 U.S.C. §§ 1332(d) and 1453. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached as Exhibit "A." The Corporate Disclosure Statement of Viatris Inc., is attached as Exhibit "B."  A copy of the docket report and all pleadings filed in the action to date are attached hereto as Exhibit "C." In accordance with 28 U.S.C. § 1446(a), Viatris provides the following "short and plain statement of the grounds for removal[.]"

**I.      INTRODUCTION**

1.      The Complaint sets forth allegations arising out of a transaction between Mylan N.V. ("Mylan") and Upjohn Inc. ("Upjohn"), a spun-off subsidiary of defendant Pfizer Inc. ("Pfizer"), to form Viatris (defined in the Complaint as the "Merger"). Complt. ¶ 2. Plaintiffs allege that in connection with the Merger, Viatris issued new shares of Viatris common stock to

former Mylan shareholders in exchange for their Mylan shares. *Id.* ¶ 7. Plaintiff claims that he was damaged when he acquired Viatris shares in exchange for Mylan shares pursuant to the S-4 registration statement and related prospectus (collectively, the "Registration Statement"), which allegedly contained false and misleading statements. *Id.* ¶¶ 2, 8, 19.

2.       On October 28, 2021, Plaintiff filed a putative class action complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, purporting to sue on his own behalf and on behalf of "all former Mylan shareholders who received Viatris common stock in exchange for Mylan shares pursuant to the Merger[.]" *Id.* ¶ 46. Plaintiff asserts claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"). Plaintiff seeks, among other things, damages, rescission, an accounting, and disgorgement. *Id.* at 16.

3.       Viatris now removes this putative class action to this Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453 ("CAFA"). The Court has jurisdiction over the claims pursuant to 28 U.S.C. §§ 1332(d) and 1331.

## II.     GROUNDS FOR REMOVAL

### A.     The CAFA Requirements Are Met

4.       This alleged nationwide securities class action is subject to removal under CAFA. Pursuant to CAFA, a putative class action may be removed to the appropriate federal district court if (1) the action purports to be a "class" action brought on behalf of 100 or more members; (2) any member of the class of plaintiffs is a citizen of a state different from any defendant or any member of the class is a member of a foreign state and any defendant is a citizen of a state; and (3) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(2), (2)(A), 5(B), 1453(b). An action meeting CAFA's jurisdictional requirements can be removed "without regard to whether any defendant is a citizen of the State in which the action is brought" and "may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b). This action meets each of CAFA's jurisdictional requirements.

### 1. There Are More Than 100 Class Members in This Putative Class Action

5. This is an alleged class action, *see* Complt. ¶¶ 2, 46-51; 28 U.S.C. § 1332(d)(1)(B) (definition of "class action"), and there are more than 100 members in the putative class. 28 U.S.C. § 1332(d)(5)(B). Plaintiff pleads that "there are **at least thousands** of members in the proposed Class." Complt. ¶ 47 (emphasis added). That well exceeds the requirement of CAFA. *See* 28 U.S.C. §§ 1332(d)(1)(B), 5(B); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) (where the complaint "plainly states that there are thousands of members" of the class, there was no dispute that the numerosity prong of CAFA's jurisdictional requirements was met).

### 2. Minimal Diversity Exists

6. Minimal diversity is present in this action within the statutory definitions in CAFA. 28 U.S.C. § 1332(d)(2); *see Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 149 (3d Cir. 2009) (minimal diversity means that "any class member and any defendant are citizens of different states").

7. Plaintiff is a citizen of California. *See* State Docket Sheet at 1 (reflecting Plaintiff's address as Simi Valley, California). In contrast, Viatris is a citizen of Pennsylvania (Complt. ¶¶ 4, 20) and defendant Pfizer is a citizen of New York. *Id.* ¶¶ 5, 21. Therefore, at least one class member's citizenship (*i.e.*, Plaintiff) is different from the citizenships of Viatris and/or Pfizer, fulfilling the minimal diversity requirement.

8. In addition, minimal diversity exists because Plaintiff asserts claims on behalf of a putative class consisting of "all former Mylan shareholders who received Viatris common stock in exchange for Mylan shares pursuant to the Merger" without any geographic limitation. *Id.* ¶ 46. Prior to the Merger, Mylan common shares traded on the NASDAQ exchange. *Id.* ¶ 6. Given these allegations, there is more than a "reasonable probability" that there are members of the putative "class of plaintiffs" who are "citizen[s] of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see Blockbuster*, 472 F.3d at 59 ("it seems plain to us

3

that Blockbuster is able to meet its burden of showing there is a reasonable probability that at least one of these class members is a citizen of New York and thus is 'a citizen of a State different from ... Defendant.'") (citation omitted).

### 3. The Amount in Controversy Exceeds $5 Million

9. The amount in controversy alleged in the Complaint exceeds $5 million. 28 U.S.C. § 1332(d)(6); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

10. "CAFA explicitly provides for aggregation of each class member's claims in determining whether the amount of controversy is at least $5,000,000." *Blockbuster*, 472 F.3d at 59 (citing 28 U.S.C. § 1332(d)(6)). In determining whether the amount-in-controversy requirement is met, courts apply "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy," which can be overcome only where the party resisting federal jurisdiction can "show to a legal certainty that the amount recoverable does not meet the jurisdictional threshold." *Shulman v. Chaitman LLP*, 392 F. Supp. 3d 340, 354 (S.D.N.Y. 2019) (citations omitted).

11. The Complaint does not specifically allege an amount of damages. Plaintiff, however, alleges that Viatris issued 560 million new shares of Viatris common stock to former Mylan shareholders in exchange for Mylan shares at a market price of approximately $16.30 per share, and claims that the stock price declined 15% upon the revelation of "the truth[.]" Complt. ¶¶ 7, 42, 44. While Viatris strongly denies that Plaintiff or any putative class members are entitled to recover any amount (or any other relief), Plaintiff plainly seeks to recover an aggregate amount in excess of $5 million.

12. Accordingly, this Court has jurisdiction because this case is a putative class action in which the putative class consists of at least 100 members, a least one member of the putative class is a citizen of a state different from any defendant, and the matter in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(2), (2)(A), 5(B).

4

### B.     CAFA Overrides the Removal Bar in the Securities Act

13.    Anticipating a removal petition, Plaintiff makes an unusual attempt at a preemptory legal argument, asserting that "[r]emoval is barred by §22 of the Securities Act." Complt. ¶ 17. To the contrary, the broad removal jurisdiction for class actions enacted in CAFA overrides the removal bar in Section 22(a) of the Securities Act. *Owen v. Elastos Found.*, 438 F. Supp. 3d 187, 189 (S.D.N.Y. 2020) ("CAFA provides for the removal of Securities Act class actions, irrespective of the removal bar in Section 22" of the Securities Act); *N.J. Carpenters Vacation Fund v. HarborView Mortg. Loan Trust 2006-4*, 581 F. Supp. 2d 581, 587 (S.D.N.Y. 2008) ("CAFA overrides the Securities Act's anti-removal provision"); *see Katz v. Gerardi*, 552 F.3d 558, 562 (7th Cir. 2009) (holding that class actions meeting the requirements of CAFA, including those asserting claims under the Securities Act, are removable notwithstanding the Securities Act's anti-removal provision).

14.    As the Supreme Court has explained, "CAFA's primary objective" is to "ensur[e] 'Federal court consideration of interstate cases of national importance.'" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) (citation omitted). Therefore, "*[o]ne purpose of CAFA is to provide a federal forum for securities cases that have national impact*, without impairing the ability of state courts to decide cases of chiefly local import or cases that concern traditional state regulation of the state's corporate creatures." *Estate of Pew v. Cardarelli*, 527 F.3d 25, 26 (2d Cir. 2008) (emphasis added); *see HarborView*, 581 F. Supp. 2d at 584 ("CAFA was enacted to restore the intent of the framers by providing for federal court consideration of interstate cases of national importance under diversity jurisdiction.").

15.    To accomplish CAFA's purposes, "*CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court* if properly removed by any defendant.'" *Dart Cherokee*, 574 U.S. at 89 (emphasis added; citation omitted); *see HarborView*, 581 F. Supp. 2d at 584 (CAFA "is sweeping in scope."). As a result, and consistent with CAFA's purposes, "securities class actions covered by [CAFA] are removable, subject to the exceptions" in CAFA. *Katz*, 552 F.3d at 562.

### C. Plaintiff Cannot Show That an Exception to Removal Jurisdiction Applies

16. Once a defendant establishes a basis for federal jurisdiction under CAFA, the burden shifts to the party opposing removal to demonstrate that a statutory exception to removal applies. *See, e.g., Kaufman*, 561 F.3d at 153-54; *Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 26 (2d Cir. 2010). In accordance with CAFA's broad purposes, "all of CAFA's exceptions are to be interpreted narrowly." *HarborView*, 581 F. Supp. 2d at 588. In fact, "Congressional sponsors of the bill repeatedly emphasized the breadth of CAFA, while insisting that each exception must be construed narrowly, such that cases with nationwide impact are to be heard in federal court." *Id.* at 584-85; *see Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*, 928 F.3d 325, 336 (4th Cir. 2019) (court was obliged "to apply the three removal exceptions in a narrow fashion."); *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) ("CAFA grants broad federal jurisdiction over class actions and establishes narrow exceptions to such jurisdiction.").

17. Thus, consideration of removal under CAFA entails a narrow interpretation of the statutory exceptions and a broad construction of CAFA's provisions to "provide a federal forum for securities cases that have national impact[.]" *Cardarelli*, 527 F.3d at 26.

18. Consistent with the stated purposes of CAFA, the Second and Fourth Circuits have recognized that CAFA's "covered security" exception, 28 U.S.C. § 1453(d)(1), applies only to state court class actions that assert state-law fraud claims and does not apply to state court class actions that assert only Securities Act claims. *See Cardarelli*, 527 F.3d at 30 (exception to CAFA "carves out class actions for which jurisdiction exists elsewhere under federal law, such as under the Securities Litigation Uniform Standards Act ('SLUSA'), *i.e.*, ***state-law fraud claims in connection with the purchase or sale of securities traded on a national stock exchange***") (emphasis added); *Dominion Energy*, 928 F.3d at 336, n.10 ("***the covered security exception generally applies to 'state-law fraud claims*** in connection with the purchase or sale of securities traded on a national stock exchange'") (emphasis added; citation

omitted); *see Pinchasov v. Robinhood Fin., LLC*, 2021 WL 4991104, at *3-4 (S.D. Fla. Feb. 17, 2021) (following *Dominion Energy* and noting that *"**the Fourth Circuit reasoned the covered security exception generally only applies to state-law fraud claims**"*) (emphasis added); *Owen*, 438 F. Supp. 3d at 193, n.4 ("[a]lthough ***the exception listed in § 1453(d)(1)*** appears on its face to apply to any class action involving securities traded on a national exchange . . . the section ***could also be interpreted to apply only to the state law fraud claims*** which were the subject of SLUSA.") (emphasis added).

19. This action does not allege state-law fraud claims. Accordingly, Section 1453(d)(1) is not applicable and does not preclude removal of this case to federal court.

20. Moreover, CAFA was enacted to address "[a]buses in class actions" that "undermine[d] the national judicial system" and to "restore the intent of the framers of the United States Constitution by providing for Federal court consideration of ***interstate cases of national importance*** under diversity jurisdiction[.]" Pub. L. No. 109-2, §§ 2(a)(4), 2(b)(2) (2005) (emphasis added). The Senate Report on CAFA explained that "[b]ecause interstate class actions typically involve more people, more money, and more interstate commerce ramifications than any other type of lawsuit, the Committee firmly believes that such cases properly belong in federal court." S. Rep. No. 109-14, at 5 (2005). This action, which involves allegations of federal securities violations in a registration statement concerning securities listed on a national stock exchange, in connection with a multi-billion-dollar transaction, unquestionably is such a case.[1]

## IV.   THE OTHER PREREQUISITES FOR REMOVAL ARE SATISFIED

21. This Court is the proper federal district for the removal of this action because it is the federal district within which the action is pending. 28 U.S.C. §§ 1446(a), 1453(b).

---

[1] Other CAFA exceptions also do not apply. Plaintiff's claims do not concern either "corporate governance" or "disputes over the meaning of the terms of a security[.]" *Cardarelli*, 527 F.3d at 30, 33; *see* 28 U.S.C. §§ 1332(d)(9)(B), (C), 1453(d)(2), (3). Rather, the claims at issue are asserted under federal securities law and involve matters of national or interstate interest.

22. This Notice of Removal is timely because it is filed within thirty days of Plaintiff's earliest purported service of the Complaint, which occurred on November 3, 2021. *See* 28 U.S.C. § 1446.

23. Viatris will provide written notice of the filing of this Notice of Removal to Plaintiff and the state court as required by § 1446(d).

24. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. §1446(a).

25. By filing this Notice of Removal, Viatris does not waive any defenses, claims, arguments, or rights of any kind.

|  |  |
|---|---|
| Date: December 3, 2021 | PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP<br><br>By: _____<br>William Pietragallo, II, Esq. (Pa ID 16413)<br>One Oxford Centre, 38th Floor<br>301 Grant Street<br>Pittsburgh PA 15219<br>(412) 263-2000<br>wp@pietragallo.com<br><br>*Attorneys for Viatris Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within document has been served on all counsel of record listed below by electronic mail and first-class U.S. mail, postage prepaid, this 3rd day of December, 2021.

Kelly K. Iverson, Esq.
Lynch Carpenter, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh PA 15222

Gary F. Lynch, Esq.
Carlson Lynch Ltd.
PNC Park
115 Federal Street, Suite 210
Pittsburgh, PA  15212

Jonathan Michael Zimmerman, Esq.
The Weiser Law Firm PC
22 Cassatt Avenue
Berwyn PA 19312

Samuel W. Braver, Esq.
Dentons Cohen & Grigsby P.C.
625 Liberty Avenue, Floor 5
Pittsburgh PA 15222-3152

PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP

Date:  December 3, 2021          By:  _____
                                       William Pietragallo, II, Esq.